I concur in the result. The proviso ("provided the testator or intestate could have commenced an action for such wrongful act, omission or neglect if it had not caused death") is consistent with my interpretation of Ala. Code 1975, §6-5-410(a), in Tatum v. Schering Corp.,523 So.2d 1042, 1047-63 (Ala. 1988) (Houston, J., dissenting). In my opinion, by enacting § 6-5-410(a) the Legislature primarily intended to afford compensation to the next of kin of a person coming to his or her death through the wrongful act, omission, or negligence of another. If an action to recover for personal injuries has been filed and the plaintiff dies as a proximate result of those injuries, the plaintiff's personal representative can be substituted for the plaintiff in accordance with Rule 25(a), A.R.Civ.P., and can amend the complaint to seek damages for wrongful death. Punitive damages could be recovered when they could be recovered for injuries that did not result in death. *Page 287